UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WAYNE H. WAHLER, CIVIL NO. 08-4953 (JRT/JSM)

Plaintiff,

v. REPORT AND RECOMMENDATION

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

The above-entitled matter came before the undersigned United States Magistrate Judge upon defendant's Motion to Dismiss [Docket No. 17]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

Plaintiff initiated this case on August 18, 2008. See Docket No. 1. By this action, the plaintiff sought judicial review of a determination of the defendant which denied plaintiff's Application for Disability Insurance Benefits. On October 27, 2008, as is required by the Local Rules of this District, defendant filed an Answer [Docket No. 13] and a Certified Copy of the Transcript of the Record of the Administrative Proceedings [Docket No. 14].

Plaintiff failed to file his motion for Summary Judgment within sixty (60) days as required by Local Rule 7.2(b)(1) of the Local Rules of the United States District Court for the District of Minnesota, which would have been December 29, 2008. Thereafter, on January 6, 2009, plaintiff was ordered by this Court pursuant to Local Rule 7.2(b)(1), to "serve and file his Motion for Summary Judgment on or before January 30, 2009." See January 6, 2009 Order [Docket No. 15]. On February 9, 2009, defendant sent plaintiff a letter noting that this Court had ordered him to file his motion for summary judgment on

or before January 30, 2009, and that he had failed to do so.  Defendant then provided in its letter, "[p]lease move the Court for an enlargement of time or serve the Motion for Summary Judgment.  Unless you do so within ten days, we will move to dismiss pursuant to Fed. R. Civ. P. 41(b)."  In March of 2009, defendant served and filed the present Motion to Dismiss for a lack of prosecution, based on plaintiff's failure to bring a motion for summary judgment.  See Docket Nos. 17, 20-21.  As of the date of this Report and Recommendation, the Court has not received plaintiff's motion for summary judgment or a request for an extension to file such a motion.

Plaintiff has not communicated with the Court for more than ten months and has ignored the motion to dismiss that had been pending since March of 2009.  Therefore, based on plaintiff's failure to abide by Local Rule 7.2(b)(1) and to comply with this Court's January 6, 2009 Order requiring him to file his motion for summary judgment by January 30, 2009, his failure to respond despite defendant's motion seeking to dismiss his action, and his continued failure to prosecute his case since October 1, 2008, it is now recommended that plaintiff be deemed to have abandoned this action, and that the action be dismissed, with prejudice, for failure to prosecute.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."); Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984) (finding that dismissal with prejudice under Rule 41 is appropriate where

there is a willful disobedience of a court order or continued or persistent failure to prosecute a complaint).[1]

**RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein,

**IT IS RECOMMENDED THAT:**

1. Defendant's Motion to Dismiss [Docket No. 17] be granted; and

2. Plaintiff's Complaint [Docket No. 1] be DISMISSED with Prejudice.


Dated: July 31, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 17, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[1] It should also be noted that even if plaintiff's Complaint were to be dismissed without prejudice, the applicable statute of limitation, 42 U.S.C. § 405(g), has run. 42 U.S.C. § 405(g) provides a sixty (60) day timeframe following any final decision of the Commissioner of Social Security in which review of such decision by a civil action may be obtained. This window for review has long since passed. Further, even if this statute of limitation was deemed tolled while plaintiff waited for defendant's Answer and accompanying documentation (August 18, 2008–October 27, 2008), a considerable amount of time, well exceeding 60 days, has passed while this Court and defendant have waited further action in this matter by the plaintiff.